# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT CHATTANOOGA

| | | |
|---|---|---|
| ALBERT DEWALT, | ) | |
| | ) | Case No. 1:24-cv-363 |
| *Plaintiff,* | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Susan K. Lee |
| MELONIE SEAL, MICHAEL PARRISH, | ) | |
| FRANK STRADA, ARAMARK, and | ) | |
| SHAWN PHILLIPS, | ) | |
| | ) | |
| *Defendants.* | ) | |

## MEMORANDUM AND ORDER

Plaintiff, a Tennessee Department of Correction ("TDOC") inmate housed in the Morgan County Correctional Complex ("MCCX"), filed a pro se complaint for violation of 42 U.S.C. § 1983 alleging sexual assault during his MCCX confinement (Doc. 1) and a motion for leave to proceed *in forma pauperis* (Doc. 4). For the reasons set forth below, Plaintiff's motion (*id.*) will be **GRANTED**, and this action will be **DISMISSED**.

## I. FILING FEE

It appears from Plaintiff's motion and prisoner trust account documents (*id.*) that he cannot pay the filing fee in one lump sum. Accordingly, his motion for leave to proceed *in forma pauperis* (*id.*) is **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to his inmate trust account; or (b)

twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C.§ 1915(b)(1)(A) and(B). Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of his preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this procedure, the Clerk is **DIRECTED** to provide a copy of this memorandum and order to both the custodian of inmate accounts at Plaintiff's current institution and the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II.     COMPLAINT SCREENING

### A.  Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive a PLRA review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

### B.      Allegations

Plaintiff claims that between April and August of 2023, an unspecified female sexually assaulted him in the coolers (Doc. 1, at 4). Plaintiff has sued (1) "Stewardess" Melonie Seal for "sexual assault[]"; (2) TDOC Commissioner Frank Strada for failing to provide him with therapy or help after the alleged sexual assault; and (3) Warden Michael Parrish, Warden Shawn Phillips, and Aramark for "conspiracy to commit sexual assault." (*Id.* at 4–6.) Plaintiff also appears to seek to hold Wardens Parrish and/or Phillips liable under § 1983 for "allowing [Plaintiff] to be punished for being sexually assaulted." (*Id.* at 7.) As relief, Plaintiff requests compensatory and punitive damages. (*Id.* at 8.)

### C.      Analysis

#### 1.      Defendant Seals

While it is somewhat unclear, reading the complaint as a whole in the light most favorable to Plaintiff, it appears that Plaintiff alleges that Defendant Seals sexually assaulted him in the MCCX coolers. However, Plaintiff does not provide any facts to support this conclusory assertion of assault, and it therefore fails to state a plausible claim upon which relief may be

3

granted under § 1983. *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

And to the extent that Plaintiff's complaint may be liberally construed to seek to hold Defendant Seals liable for someone else assaulting Plaintiff in the MCCX coolers, any such allegation likewise fails to state a claim upon which relief may be granted, as Plaintiff does not set forth any facts from which the Court can plausibly infer that this Defendant was personally involved in or had any knowledge of the alleged sexual assaults, and this Defendant cannot be liable for the acts of others based on her supervisory position. *Iqbal*, 556 U.S. at 676 (noting that "our precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior"); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted).

As such, Defendant Seals is **DISMISSED**.

### 2. Defendant Strada

While Plaintiff has sued Defendant Strada for failing to ensure that Plaintiff received therapy or other help after the alleged sexual assaults, Plaintiff again does not set forth facts suggesting that this Defendant knew of the alleged sexual assaults and/or was responsible for ensuring that Plaintiff received therapy or other assistance due to the alleged sexual assaults, and this Defendant cannot be liable under § 1983 for the actions of others based solely on his supervisory position. *Iqbal*, 556 U.S. at 676. *Frazier*, 41 F. App'x at 764.

Accordingly, the complaint fails to state a claim upon which relief may be granted under § 1983 as to Defendant Strada, and he is **DISMISSED**.

4

### 3.     Defendants Aramark, Parrish, and Phillips

As set forth above, Plaintiff seeks to hold Warden Michael Parrish, Warden Shawn Phillips, and Aramark for an alleged conspiracy to commit sexual assault.  However, as Plaintiff's allegations regarding a conspiracy to commit sexual assault are wholly conclusory and unsupported by any facts, they fail to state a plausible claim for § 1983 relief.  *Iqbal*, 556 U.S. at 678.  As such, these claims are **DISMISSED**.

Plaintiff also appears to seek to hold Wardens Parrish and/or Phillips liable for "allowing [Plaintiff] to be punished for being sexually assaulted."  (*Id.* at 7.)  Again, however, Plaintiff does not set forth any facts from which the Court can plausibly infer that either of these Defendants knew of and/or was responsible for this alleged punishment, and these Defendants cannot be liable under § 1983 for the actions of others based solely on their supervisory positions.  *Iqbal*, 556 U.S. at 676; *Frazier*, 41 F. App'x at 764.

Accordingly, the complaint fails to state a claim for relief under § 1983 against Defendants Aramark, Parrish, and Phillips, and they are **DISMISSED**.

## III.    CONCLUSION

For the reasons set forth above:

1.  Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 4) is **GRANTED**;

2.  Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3.  The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4.  The Clerk is **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5.  Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983 as to any Defendant;

5

6. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER**.

*/s/ Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

6